IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NOUVEON TECHNOLOGY PARTNERS, INC., a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LORI MCCLURE, an individual, And SMARTER SYSTEMS, LLC, a South Carolina Limited Liability Company,<br><br>Defendants. | Civil Action No. 3:12-cv-633 |

**MOTION FOR EXPEDITED DISCOVERY**

Plaintiff NOUVEON TECHNOLOGY PARTNERS, INC. ("NouvEON") hereby moves the Court, pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and Local Rule 16.1(f), for leave to conduct early discovery in this case and to shorten the time for Defendants' responses therefor. This Motion for Expedited Discovery is being brought due to very recently discovered, and previously unknown, evidence of unauthorized access of its Confidential Information and computer databases by Defendant McClure following cessation of her employment with NouvEON. In support of this Motion, Plaintiff states as follows:

1. On September 25, 2012, NouvEON filed a Verified Complaint against its former employee, Lori McClure ("McClure") and her new employer, Smarter Systems, LLC ("Smarter Systems"). NouvEON incorporates by reference the allegations contained in the Verified Complaint, including but without limitation the factual allegations contained in Paragraphs 6 through 63. Capitalized terms used herein are defined in the Verified Complaint.

2. In the Verified Complaint, NouvEON is seeking, among other remedies, injunctive relief and damages against Defendants related to: McClure's unauthorized and unlawful remote access into NouvEON's computer Databases, on a continuing basis, for more than one month following cessation of her NouvEON employment for the purpose of misappropriating NouvEON's Confidential Information; Smarter Systems' apparent and likely involvement in this misconduct as most of this activity occurred after she became a Smarter Systems employee; McClure's breach of the covenant not to compete of her NouvEON Employee Agreement (Exh. A to Verified Complaint) by becoming employed in a position with a competitor performing the same or similar services as she provided at NouvEON in direct violation of her Employee Agreement; and Smarter Systems' tortious interference with NouvEON's Employee Agreement with McClure by inducing her, *inter alia*, to terminate her employment with NouvEON to become employed in a position violating her Employee Agreement.

3. As alleged in the Verified Complaint, although McClure left her employment with NouvEON on April 23, 2012, she regularly accessed and misappropriated NouvEON's Confidential Information through early June 2012, and this conduct was only discovered within the last few weeks as a result of a forensic examination of her NouvEON computer. McClure served as an employee of Smarter Systems for most of this time, commencing her employment with Smarter Systems, upon information and belief, on April 30, 2012. NouvEON is extremely concerned that if it is not authorized to immediately seek early, limited expedited discovery from the Defendants, but is instead required to wait until the parties conduct the Rule 26(f) conference, the information it seeks will be destroyed or will be otherwise unavailable.

4. The foregoing conduct on behalf of McClure constitutes an express breach of her Employee Agreement with NouvEON. McClure has and continues to breach her Employee Agreement by engaging in duties for Smarter Systems that are wholly different than those McClure represented to NouvEON she would be performing at Smarter Systems and are in direct competition with NouvEON, and in using and misappropriating NouvEON's Confidential Information in the performance of her duties for Smarter Systems. Smarter Systems is directly benefitting from the foregoing misconduct to NouvEON's substantial detriment. This wrongful conduct constitutes an imminent and continuing harm NouvEON for which NouvEON seeks preliminary injunctive relief, as well as damages.

5. In her Employee Agreement, McClure expressly authorized, and waived any objection to, expedited discovery if she breached her Employee Agreement, as follows:

> Employee agrees that, in the event of a breach by Employee of any of Employee's obligations under this Section 5, the Company will be entitled to obtain from any court of competent jurisdiction preliminary and permanent injunctive relief, and expedited discovery for the purpose of seeking relief, in order to prevent or to restrain any such breach (and Employee agrees to waive any requirement for the securing or posting of any bond in connection with such remedies).

(Employee Agreement, Section 5(g)(Emphasis added). This is precisely the situation presented herein.

6. Through the expedited discovery requested, NouvEON specifically seeks to avoid further harm and to develop a proper record for consideration by the Court in a preliminary injunction hearing, and to allow NouvEON to properly limit its motion to that which is most urgent at this juncture and to allow for preservation of the status quo until trial, without exacerbating damage to NouvEON.

7. The details of the Plaintiff's proposed expedited discovery are set forth with more particularity in its Memorandum of Law in support of this motion, which is filed

contemporaneously herewith. In particular, NouvEON seeks expedited discovery of facts that are solely within the knowledge of the Defendants, such as the extent of Smarter Systems' involvement in McClure's misappropriation of NouvEON's Confidential Information, the extent to which McClure and Smarter Systems have used said Confidential Information and whether any of NouvEON's business opportunities or prospective business opportunites have been compromised and/or interfered with through Defendants' use and access to NouvEON's Confidential Information. The expedited discovery is also sought to prove facts that are critical to its forthcoming motion for preliminary injunctive relief.

8. NouvEON will narrowly tailor its expedited discovery requests, taking into account the expedited nature of proceedings in which injunctive relief is sought. NouvEON's expedited discovery requests seek to obtain information to determine immediately the full extent of the wrongful conduct in which Defendants have engaged, and continue to engage, and to allow full preparation for a hearing on a motion for a preliminary injunction.

9. NouvEON has served a copy of this Motion and Memorandum of Law in Support thereof on the Defendants and the counsel who responded on their behalf to the initial cease and desist letters in this matter. *See* Verified Complaint, Exh. E. NouvEON is not clear at this juncture whether said counsel will represent Defendants in this action as it appears from his website and the North Carolina State Bar website that he is only licensed to practice in South Carolina. It is for this reason that this Motion has not been served on said counsel electronically through the ECF system.

10. NouvEON makes this motion in good faith with the goal of protecting and preserving its rights and expediting resolution of this matter.

WHEREFORE, NouvEON respectfully requests the following relief:

a. That the Court grant its motion to conduct expedited discovery in this case as set forth herein and more particularly in its Memorandum of Law filed contemporaneously herewith.

b. That Defendants, and all persons with notice of the terms of the Order issued as a result of this Motion, be prohibited from destroying, removing, transferring or altering any documents, whether in hard copy or in computer format (digital, email, on disk, hard drive or otherwise) that is responsive or potentially responsive to NouvEON's forthcoming discovery or which are otherwise discoverable in this action under Rule 26.

This the 26th day of September, 2012.

***s/G. Bryan Adams III***
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vradlaw.com

**ATTORNEYS FOR NOUVEON TECHNOLOGY PARTNERS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned counsel of record for Plaintiff NouvEON Technology Partners, Inc. hereby certifies that he will serve a copy of the foregoing Motion for Expedited Discovery on the Defendants with service of the Summons and Complaint in this matter via certified mail, return receipt requested and addressed as follows:

Lori McClure
Smarter Systems, LLC
14120 Ballantyne Corporate Place #210
Charlotte, North Carolina 28277

Smarter Systems, LLC
c/o its Registered Agent, Edmund Coleman
14120 Ballantyne Corporate Place #210
Charlotte, North Carolina 28277

along with a courtesy copy to their out-of-state counsel served via U.S. Mail, in a postage prepaid envelope addressed as follows:

Peter J. Nosal
Nosal & Jeter, LLP
2879 Hwy 160 W. # 4322
Fort Mill, SC 29708

This the 26th day of September, 2012.

***s/G. Bryan Adams III***
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vradlaw.com

**ATTORNEYS FOR NOUVEON TECHNOLOGY PARTNERS, INC.**

7

Case 3:12-cv-00633-FDW-DCK   Document 4   Filed 09/26/12   Page 7 of 7