IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NOUVEON TECHNOLOGY PARTNERS, INC., a North Carolina Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LORI MCCLURE, an individual, And SMARTER SYSTEMS, LLC, a South Carolina Limited Liability Company,<br><br>    Defendants. | Civil Action No. 3:12-cv-633 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR EXPEDITED DISCOVERY**

Plaintiff NOUVEON TECHNOLOGY PARTNERS, INC. ("NouvEON") hereby submits this Memorandum of Law in support of its Motion for Expedited Discovery, filed contemporaneously herewith.

### I.    PROCEDURAL HISTORY AND SUMMARY OF FACTS

NouvEON has filed a Verified Complaint against Lori McClure ("McClure"), its former employee, and Smarter Systems, LLC ("Smarter Systems"), a competitor who induced McClure to leave NouvEON to become its employee. NouvEON has brought claims against McClure arising from her breach of the covenant not to compete and confidentiality non-disclosure provision in her Employee Agreement with NouvEON (Exh. A. to Verified Complaint). NouvEON has brought claims against Smarter Systems arising from its tortious interference with McClure's Employee Agreement and its involvement in McClure's only recently discovered

unauthorized, remote and continuous access into NouvEON's Databases and Confidential Information for over one month following her resignation from NouvEON on April 23, 2012, largely occurring after commencement of her employment with Smarter Systems on April 30, 2012. As a result of the foregoing, NouvEON has requested preliminary and permanent injunctive relief and monetary damages as relief in the prayer for relief in its Verified Complaint.

The record thus far, as set forth in the Verified Complaint, demonstrates that limited expedited discovery would be reasonable so that NouvEON could determine: (1) the extent to which McClure has misappropriated NouvEON's Confidential Information; (2) the extent to which Smarter Systems was involved in McClure's misappropriation of NouvEON's Confidential Information, through directing her or conspiring with her to access the same, and/or the degree to which Smarter Systems is aware of such conduct on the part of McClure and ratified the same; and (3) the extent of McClure's and Smarter Systems' use of NouvEON's Confidential Information to unfairly compete against NouvEON.

Prior to the institution of this lawsuit, and before NouvEON was aware of McClure's misappropriation of its Confidential Information, NouvEON attempted to voluntarily obtain information from Smarter Systems regarding the scope of McClure's duties and the degree to which she was involved in its division Smarter People. *See* Verified Complaint, Exhibits C – F (Letters between counsel for the parties). As reflected in these letters, McClure and Smarter Systems were completely unresponsive and refused to engage in any sort of dialogue with NouvEON or to be forthcoming regarding McClure's activities. The Defendants' uncooperative and obstinate response concerned NouvEON, thus prompting it to conduct a detailed forensic examination of McClure's NouvEON-issued computer and her remote access to NouvEON's Confidential Information. This search revealed McClure's repeated access to NouvEON's

Confidential Information after she was no longer a NouvEON employee. Based on this sequence of events and history, NouvEON is informed and believes that Defendants will not fully and completely respond to discovery without being required to do so by the Court and that in the absence of an expedited time frame, Defendants will attempt to delay production of discovery responses and there will be a substantial risk that the discovery will be destroyed or otherwise unavailable.

## II. **DESCRIPTION OF EXPEDITED DISCOVERY**

If the expedited discovery is granted, NouvEON requests permission to pursue the following discovery:

### Interrogatories

NouvEON requests permission to propound no more than ten (10) interrogatories directed to the following subject matters: (a) McClure's job duties for Smarter Systems/Smarter People; (b) McClure's hiring process with Smarter Systems; (c) formation of Smarter People and McClure's role therein; (d) McClure's unauthorized remote access to NouvEON's Databases and Confidential Information from April 23, 2012 through on or about June 8, 2012 (e) Smarter Systems' knowledge of and involvement in McClure's continued remote access to NouvEON's Databases and Confidential Information from April 23, 2012 through on or about June 8, 2012; and (f) Defendants' use of NouvEON Confidential Information.

### Requests for Production of Documents

NouvEON requests permission to propound no more than ten (10) Requests for Production of Documents directed to the same topics as the Interrogatories set forth above.

Requests for Admission

NouvEON requests permission to propound no more than twenty (20) Requests for Admission directed to the same topics as the Interrogatories set forth above.

NouvEON requests that the response times for the foregoing discovery be reduced to fourteen (14) days.

### III. ARGUMENT

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that parties may not seek discovery before they have conferred as required by Rule 26(f) except when authorized by the Rules, by stipulation or by court order. Fed. R. Civ. P. 26(d)(1). The Court may authorize expedited discovery upon a showing of good cause. *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 530-31 (E.D.N.C. Feb 2, 2005).

Federal Rules of Civil Procedure 26(d), 33(b), 34(b) and 36 give this Court the power to adjust the timing and requirements imposed under Rule 26(d) and if warranted, to expedite the time for responding to the discovery sought. *Lab. Corp. of Am. Holdings v. Cardinal Health Sys.*, 2010 U.S. Dist. LEXIS 107554, at *6-7 (E.D.N.C. Oct. 6, 2010). Generally, "a request for expedited discovery is examined 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Dimension Data*, 226 F.R.D. at 530-31; *See Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, 2012 U.S. Dist. LEXIS 59085, *9-11 (E.D.N.C. April 27, 2012).

The Verified Complaint demonstrates that the conduct engaged in by McClure and, presumably, Smarter Systems, is highly likely to cause NouvEON irreparable harm because NouvEON's highly sensitive Confidential Information has been accessed, misappropriated, and

4

apparently used by McClure and her new employer in active, direct and unfair competition with NouvEON. As a result, NouvEON's Confidential Information has been exposed, utilized and substantially diluted in value, and Defendants have been unjustly enriched by using the same. McClure's concealment of her post-employment misconduct merely serves to further the conclusion that the resulting damage to NouvEON is irreparable. The expedited discovery will allow NouvEON to quickly determine the extent to which its Confidential Information has been compromised, the extent of the damage to its business and prospective business opportunities, and the degree to which its Confidential Information and Databases were used as a foundation in the formation of Smarter People.

Defendants will not be prejudiced if ordered to produce the requested discovery on an expedited basis. The Confidential Information accessed and retrieved by McClure does not belong to either of the Defendants, such that neither Defendant should have any legitimate basis for responding to questions about it. Moreover, the information sought should be readily available to them and given the misconduct alleged in the Complaint, the Defendants should not be permitted to have unfettered access to NouvEON Confidential Information provided by McClure or otherwise delay production of information providing further detail reflecting the full extent of their efforts to access, use and misappropriation of NouvEON's Confidential Information or unfairly compete with NouvEON. Moreover, NouvEON is greatly concerned that if the expedited discovery is not permitted, that it will be unavailable in the future or destroyed in an effort to conceal Defendants' activities as alleged in the Verified Complaint.

This the 26th day of September, 2012.

*s/G. Bryan Adams III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vradlaw.com

**ATTORNEYS FOR NOUVEON
TECHNOLOGY PARTNERS, INC.**

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiff NouvEON Technology Partners, Inc. hereby certifies that he will serve a copy of the foregoing Motion for Expedited Discovery on the Defendants with service of the Summons and Complaint in this matter via certified mail, return receipt requested and addressed as follows:

> Lori McClure
> Smarter Systems, LLC
> 14120 Ballantyne Corporate Place #210
> Charlotte, North Carolina  28277
>
> Smarter Systems, LLC
> c/o its Registered Agent, Edmund Coleman
> 14120 Ballantyne Corporate Place #210
> Charlotte, North Carolina  28277

along with a courtesy copy to their out-of-state counsel served via U.S. Mail, in a postage prepaid envelope addressed as follows:

> Peter J. Nosal
> Nosal & Jeter, LLP
> 2879 Hwy 160 W. # 4322
> Fort Mill, SC  29708

This the 26th day of September, 2012.

> *s/G. Bryan Adams III*
> G. Bryan Adams, III
> N.C. Bar No. 17307
> VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone: (704) 375-6022
> Fax: (704) 375-6024
> Email:  bryan.adams@vradlaw.com
>
> **ATTORNEYS FOR NOUVEON TECHNOLOGY PARTNERS, INC.**