UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-00633-FDW-DCK

| | |
|---|---|
| NOUVEON TECHNOLOGY PARTNERS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LORI MCCLURE & SMARTER SYSTEMS, LLC, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court upon Plaintiff NouvEON Technology Partners' Motion for Expedited Discovery.[1] (Doc. No. 4). Plaintiff requests this Court allow discovery prior to the parties Initial Attorneys Conference ("IAC") and that the Court prohibit Defendant Lori McClure ("Defendant McClure") and Defendant Smarter Systems from destroying or otherwise making certain materials unavailable for discovery. For the reasons set forth below, Plaintiff's Motion is DENIED in part and GRANTED in part.

In its Verified Complaint, Plaintiff alleges that its former employee Defendant McClure violated non-compete provisions of her employment contract when she left employment with Plaintiff and entered into similar employment with Defendant Smarter Systems's Smarter People division. (Doc. No. 1). Furthermore, Plaintiff alleges that Defendant McClure accessed Plaintiff's databases without authorization for over one month after her employment ended. In its Motion, Plaintiff argues that it is "apparent and likely" that Defendant Smarter Systems was involved in

---

[1] NouvEON Technology Partners, Inc. is a subsidiary of HiSoft Envisage, Inc. (Doc. No. 1).

Defendant McClure's activities because most unauthorized access occurred after she began working at the company. (Doc. No. 4). Plaintiff's Complaint seeks injunctive and other forms of relief, including compensatory and punitive damages. (Doc. No. 1).

Plaintiff expresses concern that waiting for discovery until after the IAC may lead to the destruction or unavailability of relevant documents. (Doc. No. 4). As described in its Memorandum of Law in Support of Motion for Expedited Discovery[2], Plaintiff bases this concern, at least in large part, on the reactions of Defendants to a number of letters sent by Plaintiff to Defendants following the commencement of Defendant McClure's employment with Defendant Smarter Systems. (Doc. No. 5). This series of correspondence began when Plaintiff's counsel mailed Defendant McClure a letter asking her to cease and desist from all activities in violation of her previous employment contract and to preserve certain items. (Doc. No. 1, Exh. C). Plaintiff's counsel also mailed Barry Whaling, Chief Executive Officer of Defendant Smarter Systems ("Mr. Whaling"), advising him of the requirements of Defendant McClure's previous employment agreement with Plaintiff and stating Plaintiff's expectation that Defendant Smarter Systems would abide by Plaintiff's agreement with Defendant McClure. (Doc. No. 1, Exh. D). The letter further expressed an expectation that Mr. Whaling instruct Defendant McClure to comply with the agreement, and additionally asked Mr. Whalen to preserve certain electronic hardware and documents. Defendant Smarter Systems' counsel[3] responded that Defendant McClure had never been asked to breach her previous employment agreement, that Defendant McClure has stated that she has not misappropriated

---

[2] The Court notes that Plaintiff's Memorandum did not include a word count certification. Counsel is reminded that a word count certification is mandatory when filing a memorandum of law for a preliminary motion, and the Court advises counsel to review the Court's Standing Orders prior to filing any additional documents in this case.

[3] Plaintiff refers to Defendant Smarter Systems' counsel as "counsel for Smarter Systems and McClure." (Doc. No. 1). However, in his letter to Plaintiff's counsel, Defendant Smarter Systems' counsel only states that "our firm represents Smarter Systems, LLC . . . and its subsidiary, Smarter People." (Doc. No. 1, Exh. E).

information, and that "any further attempt by HiSoft or NouvEON Technology Partners, Inc. to contact or harass Ms. McClure [would be] unwarranted and unwanted." (Doc. No. 1, Exh. E). Plaintiff's counsel replied with an additional letter stating his opinion that Plaintiff has a right to monitor Defendant McClure's compliance with her employment agreement and asking Defendant Smarter Systems to answer a series of questions relating to Defendant McClure's new employment activities.[4] (Doc. No. 1, Exh. F). According to Plaintiff, no response to this letter was received. (Doc. No. 1).

Following the submission of its Verified Complaint, Plaintiff filed the present Motion. In its Motion, Plaintiff seeks permission to proceed with limited discovery without waiting for the IAC. (Doc. No. 4). Plaintiff further requests that Defendants be prohibited from destroying, removing, transferring, or altering any documents, whether hard copy or electronic, that are responsive or potentially responsive to the allegations set forth in Plaintiff's complaint. Plaintiff states that this limited discovery is necessary, in part, to reveal information that it will need in support of its upcoming motion for a preliminary injunction.

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, parties may not seek discovery prior to the IAC absent an exception specified by the Rules, a stipulation by the parties, or a court order. When a request for expedited discovery in anticipation of a ruling on a preliminary injunction is sought, the request may be granted "based upon reasonableness or good cause, taking into account the totality of the circumstances . . . ." *Dimension Data N. Am., Inc., v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005). Based on the statements of Plaintiff and the documents provided to the

---

[4] In a similar pattern to that described the previous footnote, *see supra* note 1, Plaintiff states that this letter was sent to counsel for "Smarter Systems[] and McClure[] . . . ." (Doc. No. 1). In the letter itself, however, Plaintiff's counsel uses language that indicates that Defendant Smarter Systems' counsel does not also represent Defendant McClure, including a reference to "your client and Ms. McClure . . . ." (Doc. No. 1, Exh. F).

3

Court, the Court finds merit in the Plaintiff's concerns that Defendant Smarter Systems is being uncooperative. However, the Court does not believe that expedited discovery is appropriate or necessary in this case. In *Dimension Data*, upon which the Plaintiff heavily relies, the court denied a motion for expedited discovery for a preliminary injunction because, in part, the motion for a preliminary injunction had not been filed. *Id.* at 531-532. Similarly, a motion for a preliminary injunction has not been filed in the present case. Moreover, this Court finds that placing this case on the Simple/Fast Track for case management will move the case forward in a more efficient manner than would expediting discovery. Based on the totality of the circumstances stemming from these factors and all others before the Court, the Court does not find good cause to grant this portion of Plaintiff's Motion. Accordingly, Plaintiff's motion, in so far as it requests discovery in advance of the IAC, is DENIED. In addition, the parties are hereby ORDERED to use the Simple/Fast Track for case management when completing their case management order. As electronic documents are at issue in this case, the parties are also hereby ORDERED to comply with all electronic discovery requirements found in the Court's Standing Order on Protocol for Discovery of Electronically Stored Information in Civil Cases Before the Honorable Frank D. Whitney.[5] All issues surrounding the discovery of electronically stored information are to be resolved by the parties during the course of the IAC.

However, given the concerns Plaintiff has raised, Plaintiff's Motion is hereby GRANTED with respect to its request that Defendants be barred from destroying, transferring, removing, altering, or otherwise making unavailable documents, whether in paper form, computerized, or other format, that are responsive or potentially responsive to the allegations Plaintiff alleges. Defendants

---

[5] This Standing Order is available at Misc. No. 3:07-mc-00047-FDW (Doc. No. 4).

are ORDERED to retain and maintain such documents unchanged and to make them available to Plaintiff during discovery. The Court also cautions Defendants not to use any information contained in such documents in an illegal manner.

IT IS SO ORDERED.

Signed: October 22, 2012

Frank D. Whitney
United States District Judge