UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-633-FDW-DCK

| | |
|---|---|
| NOUVEON TECHNOLOGY PARTNERS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )     ORDER<br>) |
| LORI MCCLURE & SMARTER SYSTEMS, LLC, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MOTION** asks the Court to dismiss Plaintiff, NouvEON Technology Partners, Inc.'s Complaint, (Doc. No. 1), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Defendants contend that the Court should exercise its discretion, pursuant to 28 U.S.C. § 1367(c)(2), and decline supplemental jurisdiction over Plaintiff's state law claims because these claims substantially predominate Plaintiff's federal claim. For the reasons stated below, Defendants' Motion is DENIED.

## I.     BACKGROUND

Plaintiff filed the instant action on September 25, 2012, in this Court, alleging breach of contract and misappropriation of confidential information by Defendants. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff is a North Carolina corporation providing information technology, process/project management consulting, and staffing services to its clients. Defendant Smarter Systems, LLC ("Defendant Smarter Systems") is a South Carolina limited liability company with its principal place of business in Charlotte, North Carolina. Defendant Smarter Systems is an

alleged competitor of Plaintiff. Defendant Lori McClure ("Defendant McClure") is a resident of Matthews, North Carolina, who was employed by Plaintiff from September 20, 2010 until her resignation on April 23, 2012. (Doc. No. 1). Defendant McClure entered into an employee agreement with Plaintiff containing a covenant not to compete and a provision not to disclose confidential information. See (Doc. No. 1, Exh. A). On April 4, 2012, Defendant McClure announced her resignation from NouvEON effective April 23, 2012. Defendant McClure began her employment with Defendant Smarter Systems on April 30, 2012.

Plaintiff asserts that Defendant McClure's current duties with Defendant Smarter Systems are in violation of her covenant not to compete because her new position consists of the same duties she performed when employed by Plaintiff. Plaintiff also asserts that Defendant McClure misappropriated confidential information by accessing NouvEON's database after she was no longer a NouvEON employee. Plaintiff contends that Defendant McClure accessed this confidential information at the direction of her new employer, Defendant Smarter Systems, in order for Defendant Smarter Systems to gain a competitive advantage over Plaintiff.

Plaintiff filed this action on September 25, 2012 against both Defendant McClure and Defendant Smarter Systems alleging the following causes of action: (1) Computer Trespass, N.C. Gen. Stat. §14-458, (2) violation of the Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, (3) civil conspiracy, and (4) unjust enrichment. Plaintiff alleges the following specifically against Defendant McClure: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and (2) conversion. Plaintiff also seeks damages as well as an immediate injunction against Defendant McClure. Against Defendant Smarter Systems Plaintiff specifically alleges: (1) tortious interference with contract and (2) vicarious liability.

## II. STANDARD OF REVIEW

Rule 12(b)(1) provides for dismissal where the federal district court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When determining jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id. (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

Federal courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts also have supplemental jurisdiction "over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Id. Whether the federal-law claims and state-law claims are part of the same case is determined by whether they "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988).

## III. ANALYSIS

Defendants stipulate that this Court has original jurisdiction by virtue of 18 U.S.C. § 1030 *et seq.*, the Computer Fraud and Abuse Act ("CFAA"). (Doc. No. 11). Defendants also stipulate that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). (Doc. No. 10); (Doc. No. 11, p. 6). However, Defendants move the Court to use its discretion and decline to exercise supplemental jurisdiction, arguing that the state law claims substantially predominate over the federal claim. (Doc. No. 11).

Defendants' argue that the mere number of state law claims (nine) compared to the number of federal claims (one), shows substantial predomination. "Predominance is assessed through a consideration of the proof offered on the asserted claims, the scope of the issues raised, and the comprehensiveness of the remedy sought." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966)); see also Deshazo v. Smith, 2005 WL 3416839 (E.D. Va. 8 Dec. 2005). "To substantially predominate, a state claim must be more important, more complex, more time consuming to resolve, or in some way more significant than its federal counterpart." Bagley v. Provident Bank, 2005 WL 1115245 at 1 (D. Md. 26 Apr. 2005). Moreover, the purpose of declining to exercise jurisdiction on a finding of predomination is to avoid federal interference with state enforcement schemes. White v. County of Newberry, S.C., 985 F.2d 168 (4th Cir. 1993).

Here, Plaintiff alleges that Defendants were engaged in a conspiracy to violate the CFAA and that Defendant Smarter Systems is vicariously liable for this conduct as it largely occurred while Defendant McClure was an employee of Smarter Systems. (Doc. No. 12). Therefore, the facts surrounding this allegation arise from the same common nucleus of operative facts as the alleged breach by Defendant McClure of the covenant not to compete and non-disclosure

provisions of her employment agreement with Plaintiff. While Defendants point out that Defendant Smarter Systems is not named in the CFAA claim, Defendants do not appear to argue that the absence of Defendant Smarter Systems' name in the CFAA claim diminishes Plaintiff's argument that the federal and state law claims arise from the same common nucleus of operative facts. Nevertheless, the Complaint specifically incorporates by reference all of the factual allegations supporting the federal claim. See Isaac v. NC Dept. of Transportation, 192 Fed. Appx. 197 (4th Cir. 2006) (finding employees' state claims arise out of the same core of operative facts as their federal claims, because in pleading their state claims employees specifically incorporated by reference all of the factual allegations supporting their federal claims); see (Doc. No. 1). Therefore, the exercise of federal jurisdiction over the state claims is permitted under 28 U.S.C. § 1367, as all allegations in the Complaint concern the "same core of operative facts." Id. at 199.

Defendants have not shown that any of the state claims are more important or complex, more time consuming to resolve, or are in some other way more significant than the CFAA claim. Bagley, 2005 WL 1115245 at 1. In fact, it would ordinarily be expected that these types of claims all be tried in one judicial proceeding because they concern the same underlying facts and will require substantially the same proof. See Boyce v. Wachovia Securities, LLC, 2010 WL 1253744 at 6 (E.D.N.C. 17 Feb. 2010).

Defendants further argue that Plaintiff's claims of breach of contract and unfair and deceptive trade practice are issues of state law and should be resolved in state court. Defendants attempt to support this argument by noting that North Carolina courts have issued opinions governing these issues. (Doc. No. 11). However, declining to exercise discretion on a finding of predomination is for the purpose of "avoiding federal interference with state enforcement

schemes." See id. There has been no showing that hearing these claims simultaneously in a single hearing before a federal tribunal would frustrate this purpose.

The Court's use of discretion when determining whether to exercise supplemental jurisdiction should be guided by principles of judicial economy, convenience, and fairness to litigants. Gibbs, 383 U.S. at 726. Since all state and federal claims concern the same core of operative facts in this case, the above principles dictate that these claims should be settled in one judicial proceeding before this Court.

### IV. CONCLUSION

Therefore, the Motion is DENIED because Defendants have failed to show that Plaintiff's state claims substantially predominate over its single federal CFAA claim. As conceded by Defendants in their Motion to Dismiss, (Doc. No. 10), supplemental jurisdiction is permitted in this case because the state claims arise out of the same core of operative facts as the CFAA claim. Furthermore, 28 U.S.C. § 1367(c) merely allows a district court to dismiss a state claim over which it could exercise supplemental jurisdiction. Dismissal is not required. Therefore, in considerations of judicial economy, convenience, and fairness to litigants this Court will retain supplemental jurisdiction over Plaintiff's state law claims rather than exercising its discretion to dismiss them under 28 U.S.C. § 1367(c)(2).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. No. 10) is DENIED.

IT IS SO ORDERED.

Signed: March 5, 2013

Frank D. Whitney
United States District Judge